1
Donald G. Norris (SBN 90000)
dnorris@norgallaw.com
2
Douglas F. Galanter (SBN 93740)
dgalanter@norgallaw.com
3
Norris & Galanter LLP
523 W. Sixth St., Suite 716
4
Los Angeles, CA  90014
Tel:   (213) 232-0855
5
Fax:   (213) 286-9499

6
William F. Cavanaugh, Jr. (SBN 133461)
wfcavanaugh@pbwt.com
7
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
8
New York, NY  10036
Telephone:   (212) 336-2000
9
Fax: (212) 336-2222

10
Attorneys for Defendant
The Hershey Company

11

12
UNITED STATES DISTRICT COURT

13
CENTRAL DISTRICT OF CALIFORNIA

14

15
FIRST CLASS VENDING, INC.,

16
                    Plaintiff,
               vs.

17
THE HERSHEY COMPANY.

18
                    Defendant.

19

20

Case no.:

NOTICE OF REMOVAL OF ACTION
[28 U.S.C. § 1441(b)]

21

22
        TO THE CLERK OF THE COURT:

23
        PLEASE TAKE NOTICE that The Hershey Company ("Hershey" or

24
"Defendant"), the sole defendant in the above-entitled action, by and through its

25
attorneys, hereby removes this action pursuant to Title 28, United States Code,

26
Sections 1332, 1441 and 1446 from the Superior Court for the State of California for

27
the County of Los Angeles to the United States District Court for the Central District

28
of California.  The grounds for removal are set forth below.

7442735v.1                                              Case No.:

1.     On January 22, 2015, Plaintiff First Class Vending, Inc. ("FCV") filed a Complaint in the Superior Court for the State of California for the County of Los Angeles captioned as *First Class Vending, Inc. v. The Hershey Company*, Case No. BC570024.  A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2.     The Complaint is dated January 22, 2015, and Defendant was served with the Complaint on January 27, 2015.

3.     This Notice of Removal is timely because it is filed within thirty days of Defendant's receipt of the Complaint.  *See* 28 U.S.C. § 1446(b).

4.     This action is properly removed to the United States District Court for the Central District of California pursuant to Title 28, United States Code, Section 84(c).

## PLAINTIFF'S COMPLAINT

5.     Plaintiff FCV is a vending machine operator, engaged in the business of providing and servicing vending machines which dispense soft drinks and snack items.  Plaintiff alleges that it is a California corporation.  Complaint ¶ 1.

6.     Defendant Hershey is a major manufacturer and seller of chocolate and candy confectionery and chocolate-related grocery products and snacks.  Hershey is incorporated in Delaware, with its principal place of business in Hershey, Pennsylvania.  Complaint ¶ 2.

7.     Plaintiff's claims relate to allegedly unfair sales practices by Hershey. Specifically, FCV alleges that, for at least the past four years, Hershey has afforded "secret payments, rebates, refunds, commissions or unearned discounts" to FCV's competitor, Canteen Corporation of America ("Canteen"), while not affording similar "secret payments, rebates, refunds, commissions or unearned discounts" to FCV. Complaint ¶¶ 5, 8.

8.     Plaintiff alleges that the "secret payments, rebates, refunds, commissions or unearned discounts" given to Canteen "directly injure Plaintiff FCV as a competitor and tend to destroy competition in the vending machine business in the Southern California area."  Complaint ¶ 9.

9.     Plaintiff asserts claims under the California Unfair Trade Practices Act, Cal. Bus. & Prof. Code §§ 17045-48 (Count I) and the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. (Count II).   Complaint ¶¶ 7, 11,13-14.

10.     In Count I, Plaintiff seeks to recover "treble its actual damages" in the form of "lost sales and profits" resulting from the payment of these allegedly unlawful payments as well as costs and attorneys' fees.  Complaint ¶¶ 10-11.

11.     In Count II, Plaintiff seeks "restitution of monies unlawfully secured" by Hershey "as a result of it affording Canteen and its franchisees more favorable prices," and injunctive relief.  Complaint ¶ 14.

12.     As explained below, this Court has jurisdiction over Plaintiff's action, and it is properly removed to this Court.

BASIS OF FEDERAL JURISDICTION

13.     This action is removable to this Court because federal diversity jurisdiction, 28 U.S.C. § 1332, exists over Plaintiff's civil claims, and pursuant to the provisions of 28 U.S.C. § 1441(b).

14.     There is complete diversity of citizenship between Plaintiff and Defendant.  FCV is a corporation with its principal place of business in California. Complaint ¶ 1.  Hershey is a corporation incorporated in Delaware, and with its principal place of business in Hershey, Pennsylvania.  Complaint ¶ 2.

Amount in Controversy

15.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.

16.     Although Defendant disputes liability and damages, Plaintiff's claim for monetary relief, if granted, would exceed $75,000.

17.     In Count One, Plaintiff seeks to recover "treble its actual damages," in addition to attorneys' fees.  Complaint ¶¶ 10-11, 14.

18.     Even if the Court looks only to Plaintiff's claim for actual damages of "lost sales and profits," the $75,000 controversy threshold is satisfied.  Plaintiff alleges that, over the past four years, it has "lost sales because it could not offer competitive prices."  Complaint ¶¶ 8, 10.  In other words, FCV alleges it is entitled to some percentage of the sales made by Canteen over the past four years.

19.     Over the past four years and based on then-existing list prices, Hershey has made $3,803,164 in sales to Canteen entities in the Southern California region.

20.     The dollar amount of Canteen's sales to its customers during the past four years may be higher, as the prices paid by Canteen's customers would normally include a mark-up over the price paid by Canteen.

21.     Even assuming that Plaintiff is entitled to 5% of the sales made by Canteen to its customers in the Southern California region over the past four years, Plaintiff's actual damages as alleged in the Complaint would be equivalent to $190,158.20.

22.     In addition, Plaintiff seeks to recover treble its actual damages under California Business and Professions Code §17082.  Complaint ¶ 11.  Assuming Plaintiff has a viable claim and is entitled to damages, which Hershey disputes, Plaintiff may recover threefold only as to those damages which accrued within one year of the Complaint.  *G.H.I.I. v. MTS, Inc.*, 147 Cal.App.3d 256, 226, 195 Cal. Rptr. 211, 225 (1983).

23.     In addition to these damages, Plaintiff seeks attorneys' fees pursuant to California Business and Professions Code § 17082.  Complaint ¶ 11.  The Supreme Court has acknowledged that discovery in a private anti-trust case can be particularly complex and expensive.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (collecting authorities describing extensive scope of discovery in antitrust cases).

24.     In a recent request for attorneys' fees in an antitrust case under Section 4 of the Clayton Act, Plaintiff's Counsel Blecher Collins Pepperman & Joye, P.C., sought an average hourly rate of $275.91.  *See Masimo Corp. v. Tyco Health Care*

*Grp., L.P.*, CV 02-4770 (MRP), 2007 U.S. Dist. LEXIS 101987, at *7 (C.D. Cal. Nov. 5, 2007).  In that case, where the Blecher firm was only one of multiple law firms representing the plaintiff, it submitted a fee request reflecting close to 500 hours of work, for a total fee amount of $137,513.55.

25.     The damages sought by FCV in Count One exceed the statutory threshold of $75,000.

26.     In Count Two, Plaintiff seeks restitution "of monies unlawfully secured by defendant Hershey as a result of it affording Canteen and its franchisees more favorable prices."  Complaint ¶ 14.  Plaintiff thus also seeks a portion of the money that Hershey has made by virtue of its sales to Canteen over the past four years which, Plaintiff alleges, Hershey was able to secure by affording secret discounts.

27.     Again, even assuming that FCV is entitled to 5% of the sales by Hershey to Canteen entities in the Southern California region over the past four years, this would equal $190,158.20.

28.     The amount in controversy threshold is met, as the amount sought by the Plaintiff in this action, exclusive of interest and costs, exceeds the sum or value of $75,000.  See 28 U.S.C. §§ 1332(a), 1446(c)(2).

29.     For all of the foregoing reasons, this action is properly removed to this Court.

WHEREFORE, Hershey, the sole defendant in the above-entitled action, respectfully removes this action from the Superior Court for the State of California (Case No. BC570024)  for the County of Los Angeles to the United States District Court for the Central District of California pursuant to Title 28, United States Code Sections 1332, 1441, and 1446.  Pursuant to Title 28, United States Code, Section 1446(d), a copy of this Notice of Removal will be promptly filed with the Superior Court of the State of California, County of Los Angeles and served upon Plaintiff's counsel.

Respectfully submitted,

Dated:    February 18, 2015      NORRIS & GALANTER LLP
                                 PATTERSON BELKNAP WEBB
                                 & TYLER LLP


                                 By    /s/   Donald G. Norris
                                    Attorneys for Defendant
                                    The Hershey Company

# EXHIBIT  1

90201
A6029

1 | BLECHER COLLINS PEPPERMAN & JOYE, P.C.
Maxwell M. Blecher (State Bar No. 26202)
2 | mblecher@blechercollins.com
Jennifer S. Elkayam (State Bar No. 238619)
3 | jelkayam@blechercollins.com
515 South Figueroa Street, Suite 1750
4 | Los Angeles, California 90071-3334
Telephone: (213) 622-4222
5 | Facsimile: (213) 622-1656

**FILED**
Superior Court of California
County of Los Angeles

JAN 2 2 2015

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

6 | Attorneys for Plaintiff
FIRST CLASS VENDING, INC.

7

CCW-CPX

D-307   HOGUE

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10 | FIRST CLASS VENDING, INC.,

Case No.   **BC 5 7 0 0 2 4**

11 | Plaintiff,

12 | vs.

13 | THE HERSHEY COMPANY,

14 | Defendant.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF:**

1) **Unfair Trade Practices Act; and**
2) **Unfair Competition Act**

**DEMAND FOR JURY TRIAL**

15

16 | Plaintiff FIRST CLASS VENDING, INC., files this Complaint against Defendant THE

17 | HERSHEY COMPANY, complains and alleges as follows:

18 | <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

19 | 1.   Plaintiff FIRST CLASS VENDING, INC. ("FCV") is a California corporation with

20 | its principal place of business located at 6875 Suva Street, Bell Gardens, California 90201.  FCV

21 | is engaged in the business of providing and servicing vending machines which dispense

22 | carbonated soft drinks ("CSDs") and non-carbonated soft drinks, as well as a wide variety of snack

23 | items to amusement parks, industrial entities, hospitals, schools and others who sell these products

24 | through vending machines.

25 | 2.   Defendant THE HERSHEY COMPANY ("Hershey") is the leading manufacturer

26 | of quality chocolate in North American.  Hershey is a corporation organized and existing by virtue

27

28

-1-
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          EXHIBIT 1
7

1  of the laws of the State of Delaware doing business in the County of Los Angeles, State of
2  California with headquarters in Hershey, Pennsylvania.

3       3.    Because of the high public demand for Hershey chocolate bars in particular and
4  other Hershey brands in general, it is necessary to acquire Hershey products at competitive prices.
5  Plaintiff buys Hershey products for resale through a distributor Vend Catering.

6       4.    Plaintiff is engaged in the business of buying and reselling Hershey chocolate bars
7  and other Hershey products to entities which offer them to consumers through vending machines.
8  Plaintiff believes it is one of and perhaps the largest vending machine operator in the greater Los
9  Angeles area and that its volume of purchases from Hershey are as large, nearly as large or
10 perhaps even larger than its major competitor Canteen Corporation of America ("Canteen") which
11 purchases on its own and through franchised operations in the greater Los Angeles area.  Canteen,
12 however, is the largest vending machine company in the United States serving five million
13 customers every day from 18,500 client sites. Canteen has vending machine operations in many
14 cities throughout the United States.

15      5.    For at least the past four years, Hershey has sold, among other items, Hershey
16 chocolate bars and other chocolate products through a distributor called Vistar to Canteen with
17 rebates, discounts and/or allowances substantially in excess of those available to FCV thus placing
18 FCV at a severe competitive disadvantage.

19                    **FIRST CAUSE OF ACTION**
20           **(VIOLATION OF CALIFORNIA BUSINESS AND**
21              **PROFESSIONS CODE SECTION 17045)**

22      6.    Plaintiff FCV incorporates by reference the allegations of paragraphs 1 through 5
23 with the same force and effect as though set forth in full at this point.

24      7.    This cause of action arises under the California Unfair Trade Practices Act,
25 California Business and Professions Code §§ 17045-17048.

26      8.    For the past four years preceding the filing of this Complaint, defendant Hershey
27 has afforded to Canteen secret payments, rebates, refunds, commissions or unearned discounts off

28

-2-
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT 1
8

Blecher Collins
Pepperman & Joye

1    its stated prices while said defendant has not afforded similar secret payments, rebates, refunds,

2    commissions or unearned discounts directly or indirectly to plaintiff FCV.

3        9.     The payments, rebates, refunds, commissions and unearned discounts afforded to

4    Canteen and its franchisees by defendant directly injure plaintiff FCV as a competitor and tend to

5    destroy competition in the vending machine business in the Southern California area.

6        10.     Plaintiff has lost sales and profits as a result of the unlawful payments, rebates,

7    refunds, commissions and unearned discounts afforded to Canteen and its franchisees, in that (a) it

8    has lost sales because it could not offer competitive prices and (b) it has been forced to reduce its

9    price to match Canteen's (including its franchisees) prices causing plaintiff FCV to operate with

10    lower margins and profits, placing plaintiff FCV at a competitive disadvantage and lessening the

11    vigor of the competitive process. The amount of such lost sales and profits cannot be calculated

12    precisely at this time and is thereby subject to proof at trial or other appropriate proceedings.

13        11.     Pursuant to California Business and Professions Code § 17082, plaintiff FCV is

14    entitled to recover treble its actual damages, in addition to its costs and a reasonable attorneys' fee.

### SECOND CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA BUSINESS

### AND PROFESSIONS CODE SECTION 17200)

18        12.     Plaintiff FCV incorporates by reference the allegations of paragraphs 1 through 11

19    with the same force and effect as though set forth in full at this point.

20        13.     By engaging the practices alleged in the First Cause of Action, defendant has

21    violated the California Unfair Competition Act, California Business and Professions Code §

22    17200.

23        14.     Pursuant to California Business and Professions Code § 17203, plaintiff FCV is

24    entitled to (a) restitution of monies unlawfully secured by defendant Hershey as a result of it

25    affording Canteen and its franchisees more favorable prices, and (2) injunctive relief to preclude

26    plaintiff from having to operate at a competitive disadvantage to the detriment of the competitive

27    process.

28       WHEREFORE, plaintiff FCV prays for judgment as follows:

*Blecher Collins Pepperman & Joye*

1      1.    For treble the amount of actual damages in an amount subject to proof under the

2 First Cause of Action, plus attorneys' fees and costs, and

3      2.    For restitution of actual overpayments in an amount subject to proof under the

4 Second Cause of Action, and

5      3.    For injunctive relief under both the First and Second Cause of Action.

6

7 Dated: January **W**, 2015       BLECHER COLLINS PEPPERMAN & JOYE, P.C.
                       MAXWELL M. BLECHER

8                        JENNIFER S. ELKAYAM

9

10                By:

11                      Maxwell M. Blecher
                     Attorneys for Plaintiff

12                      FIRST CLASS VENDING, INC.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January _14_, 2015

BLECHER COLLINS PEPPERMAN & JOYE, P.C.
MAXWELL M. BLECHER
JENNIFER S. ELKAYAM

By: _____
Maxwell M. Blecher
Attorneys for Plaintiff
FIRST CLASS VENDING, INC.

70338.1

EXHIBIT 1
11

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>BLECHER COLLINS PEPPERMAN & JOYE, P.C.<br>Maxwell M. Blecher (SBN 26202)<br>515 S. Figueroa St., Suite 1750<br>Los Angeles, CA 90071<br>TELEPHONE NO: (213) 622-4222    FAX NO: (213) 622-1656<br>ATTORNEY FOR *(Name):* Plaintiff First Class Vending, Inc. | FOR COURT USE ONLY<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 2 2 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Moses Soto |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: STANLEY MOSK

CASE NAME:
FIRST CLASS VENDING, INC. v. THE HERSHEY COMPANY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 5 7 0 0 2 4 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 22, 2015

Maxwell M. Blecher
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT 1
12

| SHORT TITLE: | CASE NUMBER BC 5 7 0 0 2 4 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES   TIME ESTIMATED FOR TRIAL _5_  ☐ HOURS/☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto (22)** | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Uninsured Motorist (46)** | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Asbestos (04)** | ☐ A6070  Asbestos Property Damage | 2. |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| **Product Liability (24)** | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| **Medical Malpractice (45)** | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| **Other Personal Injury Property Damage Wrongful Death (23)** | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

Left margin: Auto Tort / Other Personal Injury/Property Damage/ Wrongful Death Tort

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

EXHIBIT 1
13

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

EXHIBIT 1

14

| SHORT TITLE: | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 - Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

EXHIBIT 1
15

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>□1. □2. ☑3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS:<br>6875 Suva Street |
|---|---|
| CITY:<br>Bell Gardens | STATE:<br>CA | ZIP CODE:<br>90201 | |

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___January 22, 2015___

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT 1
16