BLECHER COLLINS PEPPERMAN & JOYE, P.C.
Maxwell M. Blecher (State Bar No. 26202)
 *mblecher@blechercollins.com*
Jennifer S. Elkayam (State Bar No. 238619)
 *jelkayam@blechercollins.com*
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

Attorneys for Plaintiff
First Class Vending, Inc.

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FIRST CLASS VENDING, INC. a California corporation,<br><br>            Plaintiff,<br><br>        vs.<br><br>THE HERSHEY COMPANY, a Delaware corporation; COMPASS GROUP USA *dba* CANTEEN VENDING SERVICES, a Delaware corporation; and BEST VENDORS MANAGEMENT COMPANY, INC., a Minnesota corporation<br><br>            Defendants. | Case No. CV 15-01188-MWF (FMx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>**DISCOVERY MATTER**<br><br>Judge:   Hon. Michael W. Fitzgerald<br>Courtroom:      1600<br><br>Magistrate      Frederick F. Mumm<br>Courtroom:      580-5th Floor |

        WHEREAS, each of the parties to the above-captioned action, Plaintiff First

Class Vending, Inc. ("Plaintiff"), on the one hand, and Defendants The Hershey

Company ("Hershey"), Compass Group USA dba Canteen Vending Services

("Canteen"), and Best Vendors Management Company, Inc. ("Best Vendors")

(Hershey, Canteen, and Best Vendors are collectively referred to as "Defendants"),

on the other hand, (inclusively, the "parties"), may produce or seek discovery of

documents, information, or other materials that may contain or relate to private,

proprietary, trade secret, non-public, sensitive, or confidential information of

another party or a third party;

1      IT IS HEREBY ORDERED that the following Protective Order be entered in
2 this Action:

## 1.    <u>Purpose</u>

1.1    This Protective Order governs the use and handling of documents and other information produced or otherwise supplied by Defendants and Plaintiff and any other individual or entity, including non-parties in this Action.

## 2.    <u>Definitions; Designation of Discovery Materials as Confidential or Highly Confidential.</u>

The following definitions have been agreed to by the parties, as used herein:

2.1    <u>Discovery Material:</u> All information, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronically stored information, testimony, transcripts, or tangible things), that are produced in, or created for the purpose of, disclosures or responses to discovery in this action.

2.2    <u>"Confidential" Information</u> shall include any Discovery Material that is not in the public domain and contains confidential financial, research, development, proprietary, private, commercial or other non-public information.  Discovery Material produced in this case by any party or any third party may be designated as "CONFIDENTIAL" if the Producing Party or third party claims in good faith that such material warrants such a designation.  The party receiving designated "CONFIDENTIAL" Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this Action.

2.3    <u>"Highly Confidential" Information</u> shall include all documents and information reflecting, containing or derived from extremely sensitive confidential information, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.  This type of information includes current confidential trade secrets, research, development, pricing,

1   production, cost, marketing or customer information, disclosure of which could

2   create an elevated risk of commercial or competitive harm.  Discovery Material

3   produced in this case by any party or any third party may be designated as

4   "HIGHLY CONFIDENTIAL" if the Producing Party or third party claims in good

5   faith that such material warrants such a designation. The party receiving material

6   designated "HIGHLY CONFIDENTIAL" shall treat it as proprietary information

7   and shall not use or disclose the information except for the purposes set forth in this

8   Order or by such orders as may be issued by the Court during the course of this

9   Action.

10      2.4    Designated Material: Materials designated as "CONFIDENTIAL" or

11   "HIGHLY CONFIDENTIAL" under this Order, the information contained therein,

12   and any summaries, copies, abstracts, or other documents derived in whole or in part

13   therefrom.

14      2.5    Designating Party:  A Party or non-party who designates Discovery

15   Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

16      2.6    Expert:   A person who is not a current employee of a Party and has

17   been retained by a Party or Counsel to serve as an expert witness or as a consultant

18   in this action, including, without limitation, a professional jury or trial consultant

19   retained in connection with this action.

20      2.7    In-House Counsel: Attorneys who are employees of a Party who are

21   deemed necessary by Outside Counsel to aid in the prosecution, defense, evaluation,

22   or settlement of this action, and their paralegals, secretarial and clerical assistants.

23      2.8    Outside Counsel: Attorneys who are not employees of a Party but who

24   are retained to represent or advise a Party in connection with this action, together

25   with the legal counsel and clerical or other support staff who are employed by such

26   attorneys.

27

28

1    2.9    <u>Party</u>: Any party to this action, including all of its officers, directors,

2  and employees deemed necessary by Outside Counsel to aid in the prosecution,

3  defense, evaluation, or settlement of this Action.

4    2.10    <u>Producing Party</u>: A Party or Non-Party that produces Discovery

5  Material in this action.

6    2.11    <u>Protected Material</u>:  Any Discovery Material that is designated as

7  "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL".

8    2.12    <u>Receiving Party</u>: A Party or Non-Party that receives Discovery Material

9  from a Producing Party directly or indirectly through a disclosure or discovery in

10  this action.

11    2.13    <u>Vendors</u>: Persons or entities other than Outside Counsel that provide

12  litigation support services (e.g., document production, document review, deposition

13  stenography; photocopying; videotaping; translating; preparing exhibits or

14  demonstrations; data management, including organizing, storing, or retrieving data

15  in any form or medium, graphics, translation, or design services retained by counsel

16  for purposes of preparing demonstrative or other exhibits for deposition, trial or

17  other court proceedings in the actions; and jury or trial consulting services; etc.),

18  together with their employees and subcontractors.

19  **3.    <u>Permissible Uses of Discovery Material</u>**

20    3.1    Designated Material shall be used by the Receiving Party only for the

21  purposes of the prosecution, defense or settlement of this Action.  All Designated

22  Material, and the contents thereof, and any information contained therein, and all

23  notes or summaries prepared therefrom shall not be disclosed to any person or entity

24  except in accordance with the terms, conditions and restrictions of this Order.

25    3.2    Unless otherwise ordered by the Court or permitted in writing by the

26  Designating Party, a Receiving Party may disclose "CONFIDENTIAL

27  INFORMATION" only to:

28        a.    The Court (including its personnel and stenographic reporters);

b.   The Receiving Party's Outside and In-House Counsel;

c.   Mediator(s) engaged by the Parties or designated by the Court in this action;

d.   Officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided that they execute the Confidentiality Agreement in **Exhibit A** hereto and acknowledge that they have read and agree to be bound by the terms of this Protective Order;

e.   Vendors retained by the Parties or Outside Counsel to assist in this litigation, provided that they execute the Confidentiality Agreement in **Exhibit A** hereto and acknowledge that they have read and agree to be bound by the terms of this Protective Order ;

f.   Third-party consultants and Experts, as well as employees of such Expert or consultant who are necessary to assist in the prosecution, defense, evaluation, or settlement of this action, provided that they execute the Confidentiality Agreement in **Exhibit A** hereto and acknowledge that they have read and agree to be bound by the terms of this Protective Order;

g.   The author of the document or the original source of the information, and any person identified on the document as having received it or been a participant in the event or matter described in the document; and

h.   Any other person upon the written agreement of the Designating Party that designated the Discovery Material as "CONFIDENTIAL" (which agreement may be recorded in a deposition or other transcript), or pursuant to court order after a motion.

1    3.3    Unless otherwise ordered by the Court or permitted in writing by the
2  Designating Party, a Receiving Party may disclose HIGHLY CONFIDENTIAL
3  Information only to the following persons:

4         a.    The Court (including its personnel and stenographic reporters);
5         b.    Mediator(s) engaged by the Parties or appointed by the Court in
6               this matter, provided that they execute the Confidentiality
7               Agreement in Exhibit A hereto and acknowledge that they have
8               read and agree to be bound by the terms of this Protective Order;
9         c.    Vendors retained by the Parties or Outside Counsel to assist in
10              this litigation, provided that they execute the Confidentiality
11              Agreement in Exhibit A hereto and acknowledge that they have
12              read and agree to be bound by the terms of this Protective Order;
13        d.    Outside Counsel for the Parties;
14        e.    Third-Party Consultants and Experts, provided that they execute
15              the Confidentiality Agreement in Exhibit A hereto and
16              acknowledge that they have read and agree to be bound by the
17              terms of this Protective Order;
18        f.    The author of the document or the original source of the
19              information, and any person identified on the document as
20              having received it or been a participant in the event or matter
21              described in the document; and
22        g.    Any other person as to whom the Party or Non-Party producing
23              the Highly Confidential Information has consented to disclosure
24              in advance and in writing, on notice to each party hereto.
25    3.4    A witness at any deposition or other proceeding in this Action and/or
26  counsel for such witness may be shown designated "CONFIDENTIAL" or
27  "HIGHLY CONFIDENTIAL" material, but only in preparation for, or during, the
28  deposition or proceeding, and only under the following circumstances:

a.   The witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy of the designated material, or is in a position that s/he would logically review or receive such designated material in the course of his/her employment;

b.   The witness is otherwise entitled under this Order to see the designated material;

c.   The designating party/person has given permission for the witness to see the designated material; or,

d.   By leave of court.

3.5   Nothing herein shall impose any restrictions on a Party from disclosing its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material as it deems appropriate.

3.6   Counsel for each party shall retain the original signed Confidentiality Agreement they obtain from Vendors, Experts, or others with whom they share such material, as provided for under this Order.

3.7   All material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not permitted to receive such information under this Order.

## 4.   Challenges to Confidential or Highly Confidential Designations

4.1   Notwithstanding any of the above, any Party or Non-Party may challenge a designation of confidentiality under this Order at any time, subject to the deadlines in the Scheduling Order, Local Rules, and Federal Rules of Civil

1 Procedure.  Unless a prompt challenge to a Designating Party's confidentiality
2 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary
3 economic burdens, or a significant disruption or delay of the litigation, a Party does
4 not waive its right to challenge a confidentiality designation by electing not to
5 mount a challenge promptly after the original designation is disclosed.

6       4.2     The challenging party shall initiate a challenge to a designation by
7 providing written notice of the specific documents being challenged and the basis
8 for the challenge and in accordance with Local Rule 37.  The parties shall attempt to
9 resolve the dispute in good faith.  If they are unable to resolve their dispute, they
10 will continue in accordance with the requirements of Local Rule 37 for bringing a
11 discovery motion.  The Party or Non-Party challenging the designation shall bring
12 the motion, but the burden of persuasion in any such challenge proceeding shall be
13 on the Designating Party to show that the Discovery Material designated hereunder
14 deserves the designations given.  Frivolous challenges and those made for an
15 improper purpose (e.g., to harass or impose unnecessary expense and burden on
16 other parties) may expose a party or non-party to sanctions. All Parties and Non-
17 Parties shall continue to afford the material in question the level of protection to
18 which it is entitled under the Producing Party's designation until the court rules on
19 the challenge.

20       4.3     The Parties shall use reasonable care when designating materials as
21 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".  Nothing in this Order shall
22 prevent a Receiving Party from contending that any of the documents or information
23 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" has been
24 improperly designated.

25       4.4     A Designating Party that inadvertently fails to mark designated material
26 as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of production
27 or testimony shall promptly upon discovery notify the other parties of the error in
28 writing and provide replacement pages bearing the appropriate confidentiality

legend.  Upon receipt of such a notice, the Receiving Party shall destroy all copies of the improperly marked material within five (5) business days, along with any other documents that contain such material.   A Party or Non-Party shall not use the inadvertent failure to designate material under this Order to its advantage or refuse to destroy the material as requested in the notice because it disputes the new designation -- any challenge to the new designation is subject to the dispute resolution procedures set forth in Paragraphs 4.1 and 4.2 above.  In the event of any disclosure of "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL" Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall promptly notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Material from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Material in any form.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

**5.     Procedures Concerning Third-Party Materials**

        5.1     When any third-party produces documents or testimony pursuant to a request from a Party in this matter, such third parties may designate their documents or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order.  Before doing so, any third-party shall read and execute this Protective Order.   In addition, within ten (10) court days of the receipt of any third-party documents or testimony, any of the Parties to this Action may designate such documents or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order.

**6.     Manner and Timing of Designations.**

        Except as otherwise provided in this Order (*see, e.g.*, section 6.2 below), or as otherwise stipulated or ordered, the disclosure of Discovery Material that qualifies

1  for protection under this Order must be clearly so designated before the material is

2  disclosed or produced.  Designation in conformity with this Order requires:

3      6.1    Information in documentary form

4      For information in documentary form (e.g., paper or electronic documents,

5  but excluding transcripts of depositions or other pretrial or trial proceedings), the

6  Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY

7  CONFIDENTIAL " to each page that contains protected material.

8      A Party or Non-Party that makes original documents or materials available for

9  inspection need not designate them for protection until after the inspecting party has

10  indicated which material it would like copied and produced.  During the inspection

11  and before the designation, all of the material made available for inspection shall be

12  deemed "HIGHLY CONFIDENTIAL."  After the inspecting party has identified the

13  documents it wants copied and produced, the Producing Party must determine which

14  documents, or portions thereof, qualify for protection under this Order. Then, before

15  producing the specified documents, the Producing Party must affix the appropriate

16  legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page that

17  contains Protected Material.

18      6.2    Testimony at Deposition or Other Proceedings

19      Any part of testimony taken at a deposition, ~~hearing, or other proceeding~~

20  **(FFM)** that discusses or refers to "CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL" material may be designated as such by making a statement to

22  that effect on the record at the deposition, hearing, or proceeding, or by notifying the

23  other Parties (and Non-Parties, as applicable) and the court reporter of such

24  designation within twenty (20) days after receipt of the final transcript of such

25  deposition, hearing, or proceeding. Unless a party designates the transcript on the

26  record as "HIGHLY CONFIDENTIAL," the transcript will be treated by default as

27  "CONFIDENTIAL" until the expiration of time to make a confidentiality

28  designation.  Any portions so designated shall thereafter be treated in accordance

1  with the terms of this Protective Order.  Arrangements shall be made with the court
2  reporter taking and transcribing such proceeding to separately bind such portions of
3  the transcript containing information designated as "CONFIDENTIAL" or
4  "HIGHLY CONFIDENTIAL.".

5        In the event that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
6  material is used in any deposition, ~~hearing, or other proceeding~~ **(FFM)** in this
7  Action, it shall not, to the extent permitted by law, lose its confidential status
8  through such use.  The Party using the Designated Material shall take all reasonable
9  steps to maintain the confidentiality of the materials during such use, including
10 filing documents designated as "CONFIDENTIAL" or "HIGHLY
11 CONFIDENTIAL" to the extent permitted by the Court or allowed by law.

12       6.3    Information Produced in Some Other Form
13       For information produced in some form other than documentary and for any
14 other tangible items, the Producing Party shall affix in a prominent place on the
15 exterior of the container or containers in which the information or item is stored the
16 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL.

17 **7.    Efforts by Non-Parties to Obtain Protected Material**

18       7.1    If at any time documents containing Protected Material are subpoenaed
19 by any court, arbitral, administrative or legislative body, or are otherwise requested
20 in discovery, the person to whom the subpoena or other request is directed shall give
21 written notice thereof to every Party or Non-Party who has produced such
22 documents and to its counsel and shall provide each such party or non-party with an
23 opportunity to object to the production of such documents.  Any person or party
24 subject to this Order who becomes subject to a motion to disclose another party's
25 information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
26 pursuant to this Protective Order shall promptly notify that party of the motion so
27 that the party may have an opportunity to appear and be heard on whether that
28 information should be disclosed.  If a Producing Party does not **file a motion with**

**the appropriate body** ~~take steps~~ to prevent disclosure of such documents within ten (10) court days of the date written notice of the subpoena or motion is given, the party to whom the referenced subpoena or motion is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

**8.     Filing Under Seal**

8.1     If any Party files with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting or otherwise embodying "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, the pleading or other paper in which the material is embodied shall be filed in accordance with the local rules, and accompanied, pursuant to Local Rule 79-5.1, by an application and proposal to file the papers or the portion thereof containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material under seal.  If the court denies an application to file a document under seal, the parties shall promptly meet and confer regarding the process by which the information can be presented to the court (e.g. through in camera review or de-designation of the material).  In no way shall the designation of material under this Order preclude a party from raising all available claims, counterclaims, cross-claims, and defenses before the Court by preventing a party from presenting the Court with material in support of such claims, counterclaims, cross-claims, and defenses.

**9.     Clawback Procedure**

9.1     Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work-product immunity, tax privilege, or any other privilege, right, or immunity. Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any Discovery Material made in connection with this action that a party claims was inadvertent and should not have been produced or disclosed for any reason,

including, but not limited to, attorney-client privilege, work-product, and tax privilege ("Inadvertently Produced Material") will not be deemed to be a waiver in whole or in part as to any protections to which the party would have been entitled had the Inadvertently Produced Material not inadvertently been disclosed, either as to the specific information and/or documents disclosed or as to any other related information and/or documents in this case and in any other federal or state proceeding. In the event of such claimed inadvertent disclosure, the following procedures shall be followed:  (1) The Producing Party shall notify lead counsel for the opposing party in writing within a reasonable period of time from the discovery of the inadvertent production by specifically identifying the affected material; (2) If the Producing Party requests the return or destruction of any such Inadvertently Produced Material, those to whom the request is made shall return to the Producing Party or destroy immediately all copies of the affected material within their possession, custody, or control—including all copies in the possession of experts, consultants, or others to whom the Inadvertently Produced Material was provided; (3) In addition, all notes or other work-product of the Receiving Party reflecting the contents of such Inadvertently Produced Material shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database; and (4) The Receiving Party shall confirm in writing within 5 court days of being notified of the inadvertent production that all copies of the Inadvertently Produced Material have been returned or destroyed.

9.2    The return or confirmation of destruction of documents of Inadvertently Produced Material shall not preclude the Receiving Party from seeking to compel production of such documents, and shall not constitute an admission by the Receiving Party that any document was, in fact, privileged or protected in any way. The Receiving Party cannot rely on its knowledge and/or review of the inadvertently produced material (or the inadvertently produced material itself) in bringing such a motion.  The Producing Party shall retain the documents for submission to the Court

1  in the event the Receiving Party moves to compel their production, until such

2  motion to compel is denied and appeals thereof have been exhausted.

3  **10.**   **Use of Confidential or Highly Confidential Information at Trial**

4       10.1   Nothing in this Order is intended to, or does, preclude either party from

5  using any Discovery Material at trial or a hearing in this Action, provided that the

6  party who intends to use such material must request that the Court close proceedings

7  to the public or take other action to protect the confidentiality of information to be

8  used at the trial or proceeding.  The refusal by the Court to grant such protection

9  does not limit the right of a party to use information designated as

10 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the trial or proceeding.

11 **11.**   **Procedures upon Termination of Action**

12      11.1   This Order shall survive the final termination of this Action, and the

13 Court shall retain jurisdiction to resolve any dispute concerning the use of

14 information disclosed hereunder.  Within sixty (60) days of the Court's issuance of a

15 final disposition of all claims, counterclaims, cross-claims, and defenses among the

16 parties in this action (whether by final written judgment, appellate decision, award,

17 or settlement), counsel for the Parties shall return to each other, or to any third-party

18 from whom documents have been obtained, all documents, material, and deposition

19 transcripts material designated as "CONFIDENTIAL" or "HIGHLY

20 CONFIDENTIAL" and all copies of same.  In the alternative, counsel for the Parties

21 may assemble and destroy such materials, with a written confirmation provided to

22 the Designating Party that such destruction has occurred.  Notwithstanding this

23 provision, Counsel are entitled to retain an archival copy of all pleadings, motion

24 papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

25 deposition and trial exhibits, expert reports, attorney work-product, and consultant

26 and expert work-product, even if such materials contain Protected Material. Any

27 such archival copies that contain or constitute Protected Material remain subject to

28 this Protective Order as set forth in Paragraph 12.4.  The Parties acknowledge that

1  electronic discovery makes it difficult to keep track of all discovery and therefore

2  agree to use their best efforts to ensure compliance with the letter and spirit of this

3  provision.

4      11.2   In the event there is an attempt to obtain said archival documentation,

5  the holder of any documents subject to this Order, including work-product, shall

6  promptly give notice to all of the parties of the information being sought by a third-

7  party in a separate action, so that those parties can involve themselves in the request

8  and protect any information protected by this Order.  No information or documents

9  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be

10  disclosed by the holder thereof until the Designating Party has been notified and

11  provided a reasonable opportunity to object, quash, or act otherwise to prevent such

12  disclosure.

13  **12.    Miscellaneous**

14      12.1   This Protective Order is entered into solely for the purpose of

15  facilitating the exchange of documentation and information between the Parties to

16  this action without involving the Court unnecessarily in the process.  Nothing in this

17  Order, nor the production of any information or documents under the terms of this

18  Order, nor any proceedings pursuant to this Order shall be deemed to have the effect

19  of any admission or waiver by any Party, or of altering the confidentiality or non-

20  confidentiality of any such document or information, or altering any existing

21  obligation of any Party or the absence thereof.

22      12.2   Nothing in this Order shall be deemed to impact in any way a Party's

23  right to object to any discovery request on any grounds.  Each Party reserves the

24  right to withhold production of information pursuant to any such objections(s).

25      12.3   This Order is entered without prejudice to the right of any Party to

26  apply to the Court at any time for additional protection, or to relax or rescind the

27  restrictions of this Order, when convenience or necessity requires.  Furthermore,

28  without application to this Court, any Party that is a beneficiary of the protections of

1  this Order may enter a written agreement releasing any other party hereto from one

2  or more requirements of this Order even if the conduct subject to the release would

3  otherwise violate the terms herein.

4        12.4   After termination of this litigation, the provisions of this Protective

5  Order shall continue to be binding except with respect to those documents and

6  information that become a matter of public record.  This Court retains and shall have

7  continuing jurisdiction over the parties and recipients of the Protected Information

8  for enforcement of the provision of this Protective Order following termination of

9  this litigation.  All disputes concerning Protected Information produced under the

10  protection of this Protective Order shall be resolved by the United States District

11  Court for the Central District of California.

12        12.5   Each of the Parties agrees to be bound by the terms of this Protective

13  Order as of the date counsel for such Party executes this Protective Order, even if

14  prior to entry of this Protective Order by the Court.

15        FOR GOOD CAUSE SHOWN,

16        **IT IS SO ORDERED.**

17

18  Dated:  November 30, 2015                              /S/ FREDERICK F. MUMM

19                                         Honorable Frederick F. Mumm

                                        Unite States Magistrate Judge

20

21

22

23

24

25

26

27

28

1    **EXHIBIT A**

2    **UNITED STATES DISTRICT COURT**

3    **CENTRAL DISTRICT OF CALIFORNIA**

4    **WESTERN DIVISION**

5

| | |
|---|---|
| 6  FIRST CLASS VENDING, INC. a California corporation, | Case No. CV 15-01188-MWF (FFMx) |
| 7          Plaintiff, | Judge: Hon. Michael W. Fitzgerald |
| 8       vs. | [Discovery Document: Referred to Magistrate Judge Frederick F. Mumm] |
| 9  THE HERSHEY COMPANY, a Delaware corporation; COMPASS | |
| 10 GROUP USA *dba* CANTEEN VENDING SERVICES, a Delaware | Magistrate: Frederick F. Mumm Ctrm.: 580-5th Floor |
| 11 corporation; and BEST VENDORS MANAGEMENT COMPANY, INC., a | |
| 12 Minnesota corporation | |
| 13          Defendants. | |

14

15

16          My name is _____.  My address is _____.

17    I am employed as (state position) _____at (state name and address

18    of employer)_____.

19          1.     I have read the Stipulation and Protective Order, and a copy of it has

20    been given to me.  I understand the provisions of the Order and I agree to comply

21    with and be bound by its provisions.  I understand and acknowledge that failure to

22    so comply could expose me to sanctions and punishment in the nature of contempt. I

23    solemnly promise that I will not disclose in any manner any information or item that

24    is subject to this Stipulated Protective Order to any person or entity except in strict

25    compliance with the provisions of this Order.

26

27

28

2.     I further agree to submit to the jurisdiction of this Court for adjudication of any dispute regarding my compliance with the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
           [printed name]

Signature: _____
           [signature]